## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LENA BELL ROMAN-VILLEGAS       CIVIL NO.

Plaintiff,       RE:  ADA/PR LAW 44 AND 115

v.       Plaintiff demands trial by jury

SAM' S CLUB / WALMART PUERTO RICO

Defendant

======

### COMPLAINT

**TO THE HONORABLE COURT:**

    **COMES NOW,** plaintiffs' through the undersigned attorney, and very respectfully states, alleges and prays:

### I. NATURE OF THE ACTION

    This is an action for money damages, injunctive and declaratory relief brought by a former Sam's Club/Wal-Mart Puerto Rico, Inc. (hereinafter referred to as "WMPR", employee.  Plaintiff Lena Bell Roman-Villegas (hereinafter referred to as "Roman" or "Plaintiff") brings this action to remedy the deprivation of rights secured under the laws of the United States and laws of Puerto Rico. On January 26th, 2016, Roman's employment with WMPR was terminated because of an alleged pattern of disciplinary measures, which began shortly after she was named Manager of the Receiving Department. However, Roman's employment termination was the culmination of a pattern of discrimination taken because of her disability, a history of a disability and the perception of disability and because of retaliation in violation of the ADA and Puerto Rico Law 115.  Roman began to visibly suffer the symptoms of her Alopecia Areata, which is a common autoimmune skin disease, causing hair loss on the scalp, face and sometimes on other areas of the body.  Furthermore, Roman suffered from cancer and had received treatment for the same.

Hence, while Roman worked as Manager in the receiving area she suffered the differential treatment from her supervisors Ms. Teresa Andrea Lebrón and Mr. Joel Villanueva, in as much as she was arbitrary disciplined by both and they failed to treat in the same manner the other Receiving Manager.  Consequently, WMPR discriminated against her because of her disability, the record of her disability and/or because she was perceived to be disable under Puerto Rico Law.  Roman further alleges that WMPR fired her in retaliation for the protected activity of bringing to the attention of Mr. Edwin Ramos, Store Manager at WMPR, Ms. Lebrón and Mr. Villanueva, the harassment and persecution against her and challenging the disciplinary measures taken against her.   Roman requests this Court for compensation for her sufferings, economic losses, as well as for equitable and declaratory relief and all other remedies provided by applicable statutes.  Jury trial is demanded.

## II.  JURISDICTION

This Honorable Court has jurisdiction over this civil action pursuant to the FMLA.  The supplemental jurisdiction of this Honorable Court under 28 USC Section 1367 is also invoked to entertain Roman's claims under Puerto Rico Law 44, 1 L.P.R.A. Section 501, et seq., and under Puerto Rico Law 80 of May 30th 1976, as amended and under Puerto Rico Law 115 of December, 20th, 1999, as amended. The proper venue lies in this district upon 28 USC 1331 and 1367.

Plaintiff filed a discrimination charge before the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC") alleging disability discrimination under the Americans With Disabilities Act and received her right to sue letter on November 4th, 2016.

## III. THE FACTS

1.      Roman is of legal age and lives in Ceiba, Puerto Rico.

2.      Roman began working for WMPR on June 6th, 1997.  Roman is a cancer patient since 2012.

3.      On or around the November 2014 Roman started suffering the visible effects of Alopecia Areata, causing her hair to fall abruptly.

4.      Shortly after, on or around January 2015 Roman was transfer from the position of Support Manager to the position of Receiving Manager.  This transfer felt strange for Roman because in all Sam's stores there was only one Receiving Manager and her store was going to be the only store with two named Receiving Managers in the Island.

6.      Roman did not received training in order to perform her Receiving Manager's duties, notwithstanding the fact that she had never performed said duties.

7.      Around two months after she was named Receiving Manager she began to experience a pattern of disciplinary measures she had never experience in all her years of work WMPR.  During a span of ten (10) months Roman received more than twelve (12) disciplinary interventions at the hands of her direct supervisors.  Notwithstanding, the other Receiving Manager did not experience the same pattern of disciplinary measures and/or supervision from Roman's direct supervisors.

8.      During the year 2015 and the beginning of 2016, Roman brought to the attention of her direct supervisors and Mr. Edwin Ramos, Store General Manager, the fact that she felt she was being treated differently than the other Receiving Manager and that she had received no training in her duties, while the other Receiving Manager had received the training. No reason was given by her

direct supervisors and/or the General Manager to explain the arbitrariness and harassment Roman was facing.

14.    WMPR is a "person" within the meaning of the ADA and Puerto Rico Law 44 and 115.

15.    WMPR is also an "employer" under the ADA and Puerto Rico Law 44 and 115.

16.    WMPR is engaged in an "industry affecting commerce" within the meaning of the ADA.

17.    WMPR employed more than five hundred (500) employees on a daily basis during the relevant period.

18.    At the time of his employment termination, Plaintiff had worked at WMPR for more than seventeen (17) years.

19.    At the time of Plaintiff's employment termination WMPR was Plaintiff's employer under the ADA and Puerto Rico Law 44 and 115.

20.    The above conduct and determinations made by WMPR constitute discrimination because of a disability, discrimination because a record of a disability and/or discrimination because he was regarded as having a disability in as much as WMPR transfer Roman to the Receiving Manager position with the only intention to terminate her from employment as a result of the direct results of the visibility of her Alopecia Areata and her history and/or perception of being a cancer patient.

4

21.     Moreover, WMPR retaliated and discriminated against Roman for internal opposition and complaints regarding the differential treatment she was receiving from her direct supervisors in comparison with the other Receiving Manager.

22.     Finally, Roman was dismissed in violation of Puerto Rico Law 44, Law 115 and Law 80.

## FIRST CAUSE OF ACTION
## DISSABLITY DISCRIMINATION AND RECORD OF DISABLTY DISCRIMINATION

24. The preceding paragraphs are literally incorporated herein and made part of this paragraph.

25. WMPR's conduct affected the terms, conditions and privileges of Roman's employment.

26. WMPR disciplined and ultimately terminated Roman from her employment because she suffered from Cancer, Alopecia Areata and had a record of a disability.

27. Under applicable la a person with a disability and/or a record of disability is an individual who has a history of, or has been misclassified as having, a mental of physical impairment that substantially limits one or more major life activities.

28. As a result of WMPR's discriminatory acts taken against Plaintiff because of her disability and her record of a having a disability Roman has suffered his employment termination, loss of salary, economic damages and emotional, mental anguish and moral damages.

29. Roman's emotional conditions have prevented her from working after her employment termination.

30. Roman's emotional and economic damages are calculated in an amount not less than $1,000,000.00.

31. PR Law 44 requires the doubling of all damages.

## SECOND CAUSE OF ACTION
## REGARDED AS DISCRIMINATION

32. Plaintiffs reiterate the allegations included in paragraphs 1-22 of this Complaint.

33. Under applicable law a regarded as a person with a disability claim simply requires proof of an actual or perceived impairment; there is no requirement that the impairment be limiting in any way.

34. In light of the above, Roman's employment termination was motivated because WMPR regarded her cancer and Alopecia Areata as a disability. Consequently, WMPR discriminated against plaintiffs in violation of the ADA and PR Law 44.

35. As a result of WMPR's discriminatory acts taken against Roman she has suffered her employment termination, loss of salary, economic damages and emotional, mental anguish and moral damages.

36. Roman's emotional conditions have prevented him from working after his employment termination.

37. Roman's emotional and economic damages are calculated in an amount not less than $1,000,000.00.

38. PR Law 44 requires the doubling of all damages.

## THIRD CAUSE OF ACTION
## RETALIATION

39. Plaintiffs reiterate the allegations included in paragraphs 1-22 of this complaint.

40. Defendant is liable to Roman under the ADA and Puerto Rico Law 115 because of retaliation

in as much as Roman suffered adverse employment actions after she brought to the attention of her supervisors and the General Manager of the store the fact that she was being treated unfairly and in a different manner than the other receiving Manager without any justification in law and/or fact. As such she felt harassed and persecuted. Notwithstanding nothing was done and she continued suffering from an arbitrary and capricious disciplinary harassing pattern.

41. The last of the adverse employment actions taken by Defendant against Roman was her employment termination.

42. Roman has suffered emotional damages, mental anguish and moral damages as a result of Defendant discriminatory treatment. Roman's emotional conditions have prevented her from working after her employment termination.

43. Roman's suffers economic damages as a result of Defendant's discriminatory treatment.

44. Roman's emotional and economic damages are calculated in an amount not less than $1,000,000.00.

45. PR Law 115 requires the doubling of all damages.

## FOURT CAUSE OF ACTION
## UNJUST DISMISSAL UNDER PUERTO RICO
## LAW 80 OF MAY 30, 1976, AS AMENDED

46. Roman's dismissal was unjust under Puerto Rico Law 80.

47. Consequently, Roman is entitled to a severance payment of six (6) months of pay, plus a progressive indemnity three (3) weeks of pay for each year of employment at WMPR.

## REMEDIES

Plaintiffs most respectfully pray that this Honorable Court, after a jury trial, enter judgment against the defendants and that it:

a.  Award Roman compensatory damages for his emotional and moral damages and his mental anguish.
b.  Award Roman punitive damages.
c.  Award Roman back and front pay as applicable as well as all marginal benefits he has lost as a result of her dismissal.
d.  Reinstate Roman in his employment.
e.  Award plaintiffs the costs of this action, including reasonable attorney=s fees, costs, and expenses.
f.  Award Roman all damages it may be due.
g.  Award pre and post judgment interests.
h.  Grant Plaintiff any such further relief as this Honorable Court may deem just, proper and equitable.
i.  PR Law 44 and 115 requires the doubling of all damages.
j.  Trial by jury is demanded.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this January 19, 2017.

**FRONTERA SUAU LAW OFFICES, PSC**
Capital Center Building
Suite 305
239 Arterial Hostos Avenue
San Juan, Puerto Rico
00918-1475

**<u>S/ Juan M. Frontera-Suau</u>**
**JUAN M. FRONTERA-SUAU**
**USDC-PR 214905**